Kirkpatrick, C. J.
— We are all of opinion, that this Court has jurisdiction of this cause.
The counsel not being prepax'ed to proceed in the cause, the main points intended to be raised, were net gone into.
*666 From the course which this cause took, the following opinion, made up by Pennington, J. in vacation was not delivered. But as it may be of use to shew on what ground the Court formed its opinion, as to the subject of jurisdiction, it is thought proper to insert it here.
Pennington, J.
— The 19th section of the act establishing the Orphan’s Court, Pat. 63, provides, that “ all final sentences or decrees of the Orphan’s Court, where no appeal is given to the Prerogative Court, shall be subject to removal by certiorari into the Supreme Court.” An important question then arises, is an appeal in this case given to the Prerogative Court; one part of the title of the act, is to “ ascertain the power and authority of the Ordinary.” The preamble is in accordance with the title: — “Whereas it is necessary that the power and authority of the Ordinary of the State, and his Surrogates, should be defined.” The first section, enacts, “that from and after the passing of this act, the authority of the Ordinary shall extend only to the granting of probates of wills, letters of administration, letters of guardianship, and marriage [*] licenses, and the hearing, and finally determining of all disputes that may arise thereon.” It would be assuming too much, to say that a dispute about settling the account of an Executor, was a dispute about the probate of the will of the testator; this cannot be intended. If the seventeenth section of this act, which declares that the sentence or decree of the Orphan’s Court, on the final settlement of the accounts of Executors, shall be conclusive on all parties, and forever discharge such Executor from all demands of creditors, legatees, or others beyond the amount of such settlement, &c. stood alone, it might, and probably would be said that neither the Ordinary nor this Court, would either of them have jurisdiction of this cause. But then this would be in hostility with the express provision of the 19th section before recited. It is the duty of the Court to reconcile these apparently conflicting clauses-in the same act, if by any rule of law it can be done.
It wTas a rule in the Ecclesiastical Courts, from whence our Ordinary and his Surrogates derived their rules of practice, that an account made in the absence of creditors, legatees, and others interested in the estate, who had not been called to be present at the making of the account, was not conclusive, or any way prejudicial to them; hence, it was the practice to cite all persons interested in the estate, to be present at the making of the account; and if this was done, whether they appeared or not, they were concluded, and the account as to them was final. The sixteenth sec *667 tion of the act under consideration, provides, in lieu of this citation, another mode of calling on the persons interested in the estate, by public advertisement; and then, in the seventeenth section, declares that accounts thus made, shall be conclusive upon all parties. The word conclusive, here made use of, I apprehend to be in contradistinction to the imperfect or inconclusive accounts sometimes formerly made without notice or citation; but, in my opinion, this does not destroy f*] the provision in the 3.9th section, made in explicit and unequivocal language, declaring that all final sentences or decrees of the Orphan’s Court, shall be subject to removal by certiorari into this Court, in cases where no appeal is given. As to arguments of inconvenience, they would he more properly addressed to the Legislature. In what manner this Court will proceed, after the question of jurisdiction is settled, Is a matter of further consideration. On the whole, I am of opinion, that this Court has jurisdiction of the cause.